UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEROY WILLIAMS,

    Petitioner,

-vs-                                                  Case No. 6:11-cv-263-Orl-28DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 10).

Petitioner alleges four claims for relief in his habeas petition: 1) trial counsel was ineffective by failing to investigate Petitioner's competency to stand trial; 2) trial counsel was ineffective by failing to properly investigate Petitioner's case; 3) trial counsel was ineffective for conceding Petitioner's guilt; and 4) the trial court "invaded the province of the jury, when the jury failed to make a specific finding that the dragging of Officer

Hernández could have cause[d] his death."

## I. Procedural History

Petitioner was charged by information with one count of attempted felony murder (count one), one count of sale of a substance in lieu of a controlled substance (count two), and one count of fleeing or attempting to elude a police officer (count three). A jury trial was held, and Petitioner was found guilty as charged. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of forty years as to count one and for a term of ten years as to each of counts two and three, with all of the sentences to run concurrently.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable

2

determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

3

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.   *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claim One

Petitioner claims that trial counsel was ineffective by failing to investigate Petitioner's competency to stand trial. This claim was raised in Petitioner's Rule 3.850 motion and was denied because there had been no showing that Petitioner was incompetent at any point during the pendency of the case.

The trial court discussed that there was no indication that Petitioner was unable to assist counsel; that Petitioner was able to participate at trial; that Petitioner answered the trial court's questions during a colloquy; and that Petitioner testified appropriately. Thus, according to the trial court, there was no basis to support a finding that Petitioner was incompetent at any time during the trial.

"[I]n order to trigger the trial court's obligation to order a competency hearing, the

court must have information raising a 'bona fide doubt' as to the defendant's competency." *Watts v. Singletary*, 87 F.3d 1282, 1287 (11th Cir. 1996). In the present case, Petitioner has failed to establish that there was a bona fide doubt as to his competency during the trial. In fact, Petitioner testified at trial without any difficulty, and he has failed to demonstrate that he was in any manner unable to understand the proceedings against him. Further, the record reveals nothing to suggest that Petitioner was incapable of providing the level of input necessary to mount an adequate defense. Thus, Petitioner's counsel was under no obligation to investigate or raise his competence, and her performance was not deficient for failing to do so. In addition, there has been no showing of prejudice.

Under the circumstances, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. As a result, Petitioner is not entitled to federal habeas relief on this claim.

## B. Claim Two

Petitioner states that trial counsel was ineffective by failing to properly investigate his case. In particular, he contends that counsel failed to investigate the distance traveled with Officer Hernandez pinned to the car.[3] This claim was raised in Petitioner's Rule 3.850

---

[3]Officer Hernandez was assisting other law enforcement officers in arresting Petitioner. Petitioner was inside his vehicle, and Officer Hernandez reached in the car door and grabbed Petitioner's left arm. Petitioner accelerated his vehicle, and Officer Hernandez' forearm was wedged between the seat and doorframe, pinning him inside the vehicle. Petitioner alleges that law enforcement officers exaggerated the distance that Officer Hernandez traveled while pinned to the car. Petitioner claims that the actual distance was five feet, not seventy to eighty feet as alleged by the law enforcement officers.

motion and was denied because the actual distance traveled was irrelevant since, under either scenario, Officer Hernandez could have been killed as a result of Petitioner's actions.

This claim is without merit. First, at trial, Petitioner acknowledged that he had not given counsel the names of any potential witnesses with regard to this matter. *See* Appendix B, Transcript of Trial at 144. Next, Petitioner testified that the distance was "[a]bout five feet." *Id.* at 151. Consequently, there was evidence presented that the distance was only five feet. Finally, even if Officer Hernandez was dragged only five feet, it is still possible that he could have been killed as a result of Petitioner's actions. As a result, there has been no showing that the result would have changed by further investigation.

Under the circumstances, there has been no showing that counsel's conduct was in any manner deficient or that Petitioner sustained prejudice. As such, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

C. *Claim Three*

Petitioner states that trial counsel was ineffective for conceding Petitioner's guilt during closing argument. This claim was raised in Petitioner's Rule 3.850 motion and was denied because Petitioner had admitted during his testimony that he sold a substance that looked like crack cocaine.

During his trial testimony, Petitioner specifically acknowledged that he sold a substance that looked like crack cocaine to the law enforcement officers in an effort to get

money for something that was not even cocaine. *Id.* at 167-69. Petitioner also admitted that he fled the area in his car. *Id.* at 170-72. During closing argument, Petitioner's counsel conceded Petitioner's guilt as to counts two and three and focused her argument on the attempted felony murder count.

In light of Petitioner's testimony admitting guilt as to counts two and three, it would have been disingenuous for counsel to argue that Petitioner was innocent as to those counts. It was reasonable trial strategy to focus closing argument on the attempted felony murder charge. Consequently, the Court finds that there has been no showing that counsel's conduct was in any manner deficient or that Petitioner sustained prejudice. In addition, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

## D. Claim Four

Petitioner contends that the trial court "invaded the province of the jury, when the jury failed to make a specific finding that the dragging of Officer Hernandez could have cause[d] his death." This claim was raised in Petitioner's Rule 3.850 motion and was denied because inherent in the jury's verdict was a finding that Petitioner's actions could have caused the death of Officer Hernandez.

One of the elements of the attempted felony murder jury instruction was that Petitioner "did knowingly drive his vehicle while David Hernandez's arm was caught in the doorway of the vehicle." *See* Appendix A at 131. The jury ultimately found Petitioner

guilty of attempted felony murder, and inherent in the jury's verdict was a finding that Petitioner's actions could have caused the death of Officer Hernandez. There was no requirement that the jury enter a separate, special verdict with regard to whether Petitioner's actions could have caused the death of Officer Hernandez. As such, this claim is without merit, and Petitioner has not shown that the state court's denial of this claim was not contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Leroy Williams is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 5 day of ~~February~~ MARCH, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 3/5
Counsel of Record
Leroy Williams

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.